**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Gilbert ARROYO, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 2010.

Filed March 19, 2010.

MaryJean Glick, Public Defender, Lancaster, for appellant.

Craig W. Stedman, Assistant District Attorney, Lancaster, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., GANTMAN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This is an appeal from a judgment of sentence. We vacate the judgment of sentence and reverse the order denying Appellant's motion to dismiss.

¶ 2 The background underlying this matter can be summarized as follows. On April 22, 1999, a New York state court convicted Appellant of violating N.Y. Penal

* Retired Senior Judge assigned to the Superior Court.

Law § 130.30, which, at the time of Appellant's conviction, provided,

A person is guilty of rape in the second degree when, being eighteen years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than fourteen years old.

Rape in the second degree is a class D felony.

N.Y. Penal Law § 130.30 (amended by L.2000, c. 1, § 33, effective February 1, 2001). Appellant later moved to Pennsylvania.

¶ 3 It is undisputed that, due to his New York conviction, Appellant is required to, and in fact did, register as a sexual offender pursuant to Pennsylvania law. On February 2, 2006, a criminal complaint was filed against Appellant. The complaint accused Appellant of failing to alert the Pennsylvania State Police that his address had changed. The complaint alleged that Appellant violated 18 Pa.C.S.A. § 4915(a)(1). This statutory provision states,

An individual who is subject to registration under 42 Pa.C.S.[A.] § 9795.1(a) (relating to registration) or an individual who is subject to registration under 42 Pa.C.S.[A.] § 9795.1(b)(1), (2) or (3) commits an offense if he knowingly fails to . . . register with the Pennsylvania State Police as required under 42 Pa.C.S.[A.] § 9795.2 (relating to registration procedures and applicability)[.]

18 Pa.C.S.A. § 4915(a)(1).

¶ 4 For purposes of this appeal, it also is necessary to know the statutory language employed in 42 Pa.C.S.A. § 9795.1(a) and (b):

**(a) Ten-year registration.**—The following individuals shall be required to register with the Pennsylvania State Police for a period of ten years:

(1) Individuals convicted of any of the following offenses:

18 Pa.C.S.[A.] § 2901 (relating to kidnapping) where the victim is a minor.

18 Pa.C.S.[A.] § 2910 (relating to luring a child into a motor vehicle or structure).

18 Pa.C.S.[A.] § 3124.2 (relating to institutional sexual assault).

18 Pa.C.S.[A.] § 3126 (relating to indecent assault) where the offense is graded as a misdemeanor of the first degree or higher.

18 Pa.C.S.[A.] § 4302 (relating to incest) where the victim is 12 years of age or older but under 18 years of age.

18 Pa.C.S.[A.] § 5902(b) (relating to prostitution and related offenses) where the actor promotes the prostitution of a minor.

18 Pa.C.S.[A.] § 5903(a)(3), (4), (5) or (6) (relating to obscene and other sexual materials and performances) where the victim is a minor.

18 Pa.C.S.[A.] § 6312 (relating to sexual abuse of children).

18 Pa.C.S.[A.] § 6318 (relating to unlawful contact with minor).

18 Pa.C.S.[A.] § 6320 (relating to sexual exploitation of children).

(2) Individuals convicted of an attempt, conspiracy or solicitation to commit any of the offenses under paragraph (1) or subsection (b)(2).

(3) Individuals currently residing in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraphs (1) and (2) under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto

Rico or a foreign nation or under a former law of this Commonwealth.

**(b) Lifetime registration.**—The following individuals shall be subject to lifetime registration:

(1) An individual with two or more convictions of any of the offenses set forth in subsection (a).

(2) Individuals convicted of any of the following offenses:

18 Pa.C.S.[A.] § 3121 (relating to rape).

18 Pa.C.S.[A.] § 3123 (relating to involuntary deviate sexual intercourse).

18 Pa.C.S.[A.] § 3124.1 (relating to sexual assault).

18 Pa.C.S.[A.] § 3125 (relating to aggravated indecent assault).

18 Pa.C.S.[A.] § 4302 (relating to incest) when the victim is under 12 years of age.

(3) Sexually violent predators.

(4) Individuals currently residing in this Commonwealth who have been convicted of offenses similar to the crimes cited in paragraph (2) under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation or under a former law of this Commonwealth.

42 Pa.C.S.A. § 9795.1.

¶ 5 Prior to his trial, Appellant filed a motion to dismiss. The trial court held a hearing on the motion. Appellant argued that, because he was not convicted of a crime in Pennsylvania or categorized as a sexually violent predator, he was not required to register as a sexual offender under subsections (a)(1), (a)(2), (b)(1), (b)(2), or (b)(3) of 42 Pa.C.S.A. § 9795.1. In Appellant's view, he was required to register pursuant to 42 Pa.C.S.A. § 9795.1(b)(4) because the offense he committed in New York is similar to the Pennsylvania crime of Rape of a child, *i.e.*, a crime cited in 42 Pa.C.S.A. § 9795.1(b)(2). The crime of Rape of a child is defined at 18 Pa.C.S.A. § 3121(c), which states,

A person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age.

18 Pa.C.S.A. § 3121(c).

¶ 6 Appellant correctly pointed out that 18 Pa.C.S.A. § 4915(a)(1) does not address individuals who are subject to registration under 42 Pa.C.S.A. § 9795.1(b)(4). Thus, the argument goes, he cannot be prosecuted for violating under subsection 4915(a). For its part, the Commonwealth simply argued that, because New York only required Appellant to register as a sexual offender for twenty-five years, Appellant is required to register under 42 Pa.C.S.A. § 9795.1(a)(3) as a ten-year registrant.

¶ 7 The trial court denied Appellant's motion to dismiss. In its Pa.R.A.P.1925(b) opinion, the court explained,

At first glance, and simply reviewing the records[,] it would appear that [Appellant] is correct.[1] However, at a hearing held on October 22, 2008[,] the Commonwealth proved that at the time of the [c]ommission of the offense an equivalent[1] crime in Pennsylvania would be Indecent Assault, 18 Pa.C.S.A. [§] 3126(a)(7) which is a misdemeanor of the first degree and a designated offense under 42 Pa.C.S.A. [§] 9795.1(a).

---

1. The trial court incorrectly asserts that Appellant argued that a similar Pennsylvania crime to the rape Appellant committed in New York is Statutory Sexual Assault, 18 Pa. C.S.A. § 3122.1.

[1] Other equivalent crimes could be Rape, 18 Pa.C.S.A. 3121(1)(6) [sic], and Aggravated Indecent Assault, 18 Pa.C.S.A. [§] 3125[ (a) ](7) however these would fall under 4[2] Pa.C.S.A. [§] 9795.1(b)(4) which is not criminalized in 18 Pa.C.S.A. [§] 4915.

Trial Court Opinion, 07/29/09, at 3.

¶ 8 We note that 18 Pa.C.S.A. § 3126(a)(7) provides,

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and ... the complainant is less than 13 years of age[.]

18 Pa.C.S.A. § 3126(a)(7). "Indecent contact" is defined as, "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S.A. § 3101.

■ ¶ 9 A jury found Appellant guilty of violating 18 Pa.C.S.A. § 4915, and the trial court sentenced Appellant accordingly. This timely appeal followed. In his brief to this Court, Appellant asks us to consider one question, namely,

Did the court err in denying [Appellant's] Motion to Dismiss where [Appellant] could not be charged with or convicted of a violation of 18 Pa.C.S.[A.] § 4915, because he was not subject to registration under 42 Pa.C.S.A. § 9795.1(a) or (b)(1), (2) or (3)?

Appellant's Brief at 4.

¶ 10 In support of his issue, Appellant offers the same argument to this Court as he did to the trial court. Appellant contends the only possible subsections of 9795.1 under which he could be required to register under are (a)(3) and (b)(4). In Appellant's view, the relevant "similar crime" is Rape of a child; therefore, he is required to register under 42 Pa.C.S.A. § 9795.1(b)(4). Because 18 Pa.C.S.A. § 4915(a)(1) does not criminalize the failure to comply with registration requirements for those who must register pursuant to subsection (b)(4) of 42 Pa.C.S.A. § 9795.1, Appellant argues he should not have been prosecuted under, or found guilty of violating, subsection 4915(a)(1).

¶ 11 On appeal, the Commonwealth agrees with Appellant that the "similar crime" at issue in this case is rape of a child. The Commonwealth further agrees that Appellant is subject to registration under 42 Pa.C.S.A. § 9795.1(b)(4). The thrust of the Commonwealth's argument can be summarized as follows:

Should the Court rule in favor of [Appellant's] appeal, it will call for an absurd result. Section 4915 of Pennsylvania's crimes code states that an out-of-state individual who is required to register for ten (10) years but fails to do so with the Pennsylvania State Police commits a felony of the second degree. Those individuals who are subject to the ten year registration are those convicted of "lesser" sex offenses such as: indecent assault; luring a child into a motor vehicle; institutional sexual assault; and unlawful contact with a minor. However, when reading the statute on its face, Section 4915 appears to omit out-of-state individuals who have been convicted of the most serious of sex offenses, including: rape; involuntary deviate sexual intercourse; and aggravated indecent assault. Consequently, to read Section 4915 as [Appellant] suggests, one must determine that the Pennsylvania Legislature intended to criminalize the failure to register of lower-level sex offenders while allowing the most heinous of sex offenders to roam freely throughout the

Commonwealth. Such a result would clearly be absurd.

Commonwealth's Brief at 6–7 (footnotes omitted). Thus, the Commonwealth advocates that we read 18 Pa.C.S.A. § 4915(a) so that it makes criminal the failure to register as a sexual offender pursuant to 42 Pa.C.S.A. § 9795.1(b)(4).

■ ¶ 12 The resolution of this appeal, at least in part, requires that we interpret 18 Pa.C.S.A. § 4915 and 42 Pa.C.S.A. § 9795.1.[2] "[A]s in all matters requiring statutory interpretation, we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 *et seq.*" *Swords v. Harleysville Insurance Companies,* 584 Pa. 382, 883 A.2d 562, 567 (2005).

> Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.[A.] § 1921(a). When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.[A] § 1921(b).

*Id.* The Statutory Construction Act also informs us as to how to construe words and phrases.

> Words and phrases shall be construed according to rules of grammar and according to their common and approved usage; but technical words and phrases and such others as have acquired a peculiar and appropriate meaning or are defined in this part, shall be construed according to such peculiar and appropriate meaning or definition.

1 Pa.C.S.A. § 1903(a). Moreover, we are mindful of the following presumption: "[T]he General Assembly does not intend a result that is absurd, impossible of execu-

tion or unreasonable." 1 Pa.C.S.A. § 1922(1).

¶ 13 Appellant's predicate conviction did not occur in Pennsylvania, and he is not classified as a sexually violent predator. Consequently, Appellant's requirement to register as a sexual offender stems from either subsection (a)(3) or subsection (b)(4) of 42 Pa.C.S.A. § 9795.1. These subsections require individuals who currently reside in Pennsylvania to register as sexual offenders if they "have been convicted of offenses similar to the crimes" enumerated in either subsections (a)(1) and (2) or (b)(2). We, therefore, must examine Appellant's New York offense and determine to what crime or crimes listed in (a)(1), (a)(2), or (b)(2) it is similar.

¶ 14 Before we can take on such a task, we observe that the General Assembly did not define "similar" within the context that word is utilized in Section 9795.1. We, therefore, find the common and approved usage of "similar" to be "very much alike[.]" Webster's Third New International Dictionary 2120 (1981).

¶ 15 We agree with Appellant and the Commonwealth that Appellant's New York offense is similar to, *i.e.,* very much alike, the Pennsylvania crime of Rape of a child. Both of these statutes criminalize sexual intercourse between adults and children. We further find that Appellant's New York offense is not similar to any of the crimes listed under 42 Pa.C.S.A. § 9795.1(a)(1) or (2), including 18 Pa.C.S.A. § 3126(a)(7).

¶ 16 For purposes of 42 Pa.C.S.A. § 9795.1(a)(3) and (b)(4), then, we conclude that Appellant's New York offense only is similar to 18 Pa.C.S.A. § 3121(c). Consequently, Appellant is required to register as a sexual offender for life pursuant to 42

---

**2.** "Statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is *de*

*novo." Commonwealth v. Van Aulen,* 952 A.2d 1183, 1184 (Pa.Super.2008).

Pa.C.S.A. § 9795.1(b)(4). While the jury determined that Appellant failed to comply with his registration requirements, they were precluded from finding Appellant guilty of violating 18 Pa.C.S.A. § 4915(a)(1). Subsection 4915(a)(1) simply does not criminalize the failure to comply with sexual offender registration requirements when an individual is required to register under 42 Pa.C.S.A. § 9795.1(b)(4).

■ ¶ 17 In order for this Court to interpret subsection 4915(a) in the manner advocated by the Commonwealth, we would have to read into the statute terms which clearly would broaden its scope. We simply cannot interpret the statute in this manner, as our Supreme Court has long held "that a court may not achieve an acceptable construction of a penal statute by reading into the statute terms that broaden its scope." *Commonwealth v. McCoy*, 599 Pa. 599, 962 A.2d 1160, 1169 (2009). Stated differently, "[i]t is not a court's place to imbue the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *Commonwealth v. James*, 863 A.2d 1179, 1182 (Pa.Super.2004). If the General Assembly desires to punish persons such as Appellant who fail to comply with their sexual offender registration requirements, then it is the General Assembly's prerogative to do so.[3]

¶ 18 For all of these reasons, we conclude that the trial court erred by denying Appellant's motion to dismiss. Accordingly, we vacate the judgment of sentence and reverse the order denying the motion to dismiss.

¶ 19 Judgment of sentence vacated. Order denying motion to dismiss reversed. Jurisdiction relinquished.

¶ 20 Judge GANTMAN notes her dissent.

---

**3.** There currently is a House Bill in the General Assembly which seeks to amend 18 Pa. C.S.A. § 4915(a), in relevant part, as follows: Failure to comply with registration of sexual offenders requirements. (a) Offense defined.—An individual who is subject to registration under 42 Pa.C.S. ~~§ 9795.1(a) (relating to registration) or an individual~~ ~~who is subject to registration under 42 Pa. C.S. § 9795.1(b)(1), (2) or (3)~~ § 9795.1 (relating to registration) or 9795.2 (relating to registration procedures and applicability) commits an offense if he knowingly fails to: ...
2009 H.B. 1926, Printer's No. 2573.