COMMONWEALTH of Pennsylvania

v.

Keithphinine GERALD, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 6, 2011.
Filed June 19, 2012.

Aaron Marcus, Public Defender, Philadelphia, for appellant.

Mary L. Huber, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., BOWES and OLSON, JJ.

OPINION BY FORD ELLIOTT, P.J.E.:

Appellant, Keithphinine Gerald, appeals the judgment of sentence entered following his conviction for possession of controlled substance contraband by inmate prohibited ("contraband"), 18 Pa.C.S.A. § 5123(a.2). Finding no error, we affirm.

On November 16, 2009, while an inmate at Philadelphia County Curren–Fromhold Correctional Facility, appellant was searched and was found to be in possession of 1.4 grams of marijuana. Appellant was initially charged with possession of a controlled substance, 35 P.S. § 780–113(a)(16), possession of a small amount of marijuana, 35 P.S. § 780–113(a)(31), and the aforementioned contraband charge. The possession of a controlled substance charge was dismissed at a preliminary hearing, and appellant proceeded to bench trial on the remaining offenses. On October 7, 2010, appellant was convicted of both remaining charges. On January 14, 2011, appellant was sentenced on the contraband charge to 11½ to 23 months' imprisonment followed by 4 years' probation. This timely appeal followed.

Appellant raises a single issue on appeal. Appellant argues, as he did at trial, that the evidence is insufficient to sustain a conviction for contraband because his underlying small amount of marijuana violation is not a statutorily listed predicate violation under the contraband statute. We begin our analysis with our standard of review.

■ Although appellant's issue is couched in terms of sufficiency of the evidence, the resolution of this appeal actually requires us to interpret statutes. Accordingly, because statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo*. *Commonwealth v. Arroyo*, 991 A.2d 951, 955 (Pa.Super.2010). Furthermore, our analysis should be guided by the following principles:

> Our interpretation is guided by the polestar principles set forth in the Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et*

*seq.* which has as its paramount tenet that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a).

As we have often recognized, "[t]he General Assembly's intent is best expressed through the plain language of the statute." *Commonwealth v. Brown,* 603 Pa. 31, 39, 981 A.2d 893, 897 (2009); *Commonwealth v. McCoy,* 599 Pa. 599, 609, 962 A.2d 1160, 1166 (2009). Therefore, when the terms of a statute are clear and unambiguous, they will be given effect consistent with their plain and common meaning. 1 Pa.C.S.A. § 1921(b); *Commonwealth v. Kelley,* 569 Pa. 179, 184, 801 A.2d 551, 554 (2002). This means ascribing to the particular words and phrases the definitions which they have acquired through their common and approved usage. 1 Pa. C.S.A. § 1903. It is only in instances where the words of a statute are not explicit, or they are ambiguous, is there need to resort to consideration of the factors in aid of construction enumerated in 1 Pa.C.S.A. § 1921(c). *McCoy,* 599 Pa. at 610, 962 A.2d at 1166; *Commonwealth v. Fithian,* 599 Pa. 180, 194, 961 A.2d 66, 74 (2008); *see also* 1 Pa.C.S.A. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.").

Concomitant with these considerations, the Statutory Construction Act also sets forth certain presumptions regarding the General Assembly's enactment of statutes which are to be applied when attempting to ascertain its legislative intent. In particular, when interpreting a statutory provision we must presume that the legislature: does not intend a result that is unreasonable, absurd, or impossible of execution, 1 Pa. C.S.A. § 1922(1); and intends the entirety of the statute to be certain, 1 Pa.C.S.A. § 1922(2). Additionally, since [this statute] is a penal statute, it must be strictly construed. 1 Pa.C.S.A. § 1928(b)(1). However, this principle does not require that our Court give the words of a statute their "narrowest possible meaning," nor does it "override the 'general principle that the words of a statute must be construed according to their common and approved usage.'" *McCoy,* 599 Pa. at 614, 962 A.2d at 1168 (quoting *Commonwealth v. Booth,* 564 Pa. 228, 234, 766 A.2d 843, 846 (2001)); *see also* 18 Pa.C.S.A. § 105 (the provisions of the Crimes Code are to "be construed according to the fair import of their terms"). Rather, "where doubt exists concerning the proper scope of a penal statute, it is the accused who should receive the benefit of such doubt." *Brown,* 603 Pa. at 39, 981 A.2d at 898 (quoting *Booth,* 564 Pa. at 234, 766 A.2d at 846).

*Commonwealth v. Hart,* 611 Pa. 531, 547–48, 28 A.3d 898, 908 (2011).

The contraband statute at issue reads as follows:

> **(a.2) Possession of controlled substance contraband by inmate prohibited.**—A prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act. For purposes of this subsection, no amount shall be deemed de minimis.

18 Pa.C.S.A. § 5123(a.2).

Further, the relevant portions of the Controlled Substance, Drug, Device and Cosmetic Act state the following:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

. . . .

(31) Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale.

For purposes of this subsection, thirty (30) grams of marihuana or eight (8) grams of hashish shall be considered a small amount of marihuana.

35 P.S. § 780–113(a)(16) and (31).

■ The focus of appellant's argument on appeal is a prior decision of this court, *Commonwealth v. Gordon,* 897 A.2d 504 (Pa.Super.2006). In *Gordon,* a panel of this court determined that where an individual possesses an amount of marijuana equal to or less than the amounts described under Section 780–113(a)(31), that individual can only be convicted of the lesser offense of possession of a small amount of marijuana, and not the greater offense of possession of a controlled substance, Section 780–113(a)(16).

Essentially, appellant argues that because of the small amount of marijuana he possessed, he could not be convicted under Section 780–113(a)(16), but could be con-

victed only under Section 780–113(a)(31). Appellant's argument concludes that because Section 780–113(a)(31) is not a predicate offense to the contraband statute, he cannot be convicted under that statute. While we agree that only violations of Section 780–113(a)(16) trigger the contraband statute, we disagree with appellant's apparent conclusion that his conduct does not constitute a violation of Section 780–113(a)(16).

The flaw in appellant's argument is that the contraband statute does not require a conviction under the predicate offense, but only a violation of the predicate offense. Appellant's conduct in possessing *any* amount of marijuana, even where the amount is so small as to qualify under Section 780–113(a)(31), is still a violation of Section 780–113(a)(16), even if a conviction cannot be obtained under that section because of *Gordon.* A violation of law is not synonymous with conviction, nor does it necessarily mandate conviction.

As we previously noted, the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. *Gordon* analyzed the dichotomy of a single statute addressing the same criminal conduct under two separate subsections. The *Gordon* court analyzed the Legislature's intent and concluded:

In our view, the General Assembly, by including subsection (31) in section 780–113 of the proscribed conduct section of the Act, wisely set out the specific crime of possession of a small amount of marijuana, and created a graduated system of penalties that imposes far heavier punishment for traffickers and lesser sanctions for casual users of marijuana. This tiered approach furthers the quite purposeful penological goals of not imprisoning slight offenders and not fur-

ther crowding already burdened prison facilities.

*Gordon,* 897 A.2d at 509.

Thus, the purpose of Section 780–113(a)(31) is to avoid subjecting the casual marijuana user to the penalties intended for major traffickers. The obvious intent of the Legislature in 18 Pa.C.S.A. § 5123(a.2), however, is the prevention of inmates obtaining any controlled substance in any amount whatsoever; in other words, the contraband statute seeks absolute abstinence by inmates, a goal that would be severely compromised were we to adopt appellant's theory. Further, the purpose of Section 780–113(a)(31), and the decision in *Gordon,* manifestly was not to insulate inmates from the penalties attendant to possessing any amount of marijuana. Thus, we hold that possession of any amount of marijuana by an inmate constitutes a violation of Section 780–113(a)(16), even if said inmate cannot be convicted under that section because of *Gordon.* Moreover, because the contraband statute requires only a violation of Section 780–113(a)(16), and not a conviction, appellant's possession of any amount of marijuana, no matter how small, constitutes a violation of 18 Pa.C.S.A. § 5123(a.2).

Accordingly, having found no merit to appellant's argument on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.