J-S50043-15

2015 PA Super 211

COMMONWEALTH OF PENNSYLVANIA

Appellee

v.

TRAVIS ALAN HANNA

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3130 EDA 2014

Appeal from the Judgment of Sentence October 22, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0003267-2014

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

OPINION BY JENKINS, J.:                           **FILED OCTOBER 02, 2015**

Appellant Travis Alan Hanna appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas following his open guilty plea to dealing in proceeds of unlawful activities, corruption of minors, and theft by unlawful taking.[1]  We affirm.

On March 24, 2013, in Limerick Township, Pennsylvania, Appellant stole a handgun from an unlocked car.  N.T., 8/1/14, at 7.  At least one juvenile accompanied Appellant at the time of the theft.  *Id.* at 8.  After learning that the gun belonged to a member of law enforcement, Appellant sold the firearm to Austin Lee Turner, who Appellant knew by the name of "Lova".  *Id.* at 7-8.

---

[1] 18 Pa.C.S. §§ 5111(a)(1), 6301(a)(1)(i), and 3921(a), respectively.

On August 1, 2014, Appellant pled guilty to the aforementioned crimes.[2]   On October 22, 2014, the trial court sentenced Appellant to eighteen (18) months to seven (7) years of incarceration for theft and an identical, concurrent sentence for dealing in proceeds of unlawful activities. The court also sentenced Appellant to five (5) years of probation for corruption of minors, to commence at sentencing.  The court found Appellant was not eligible for the recidivism risk reduction incentive program ("RRRI").[3]

On October 23, 2014, Appellant filed a timely post-sentence motion, which the trial court denied on October 31, 2014.  On November 7, 2014, Appellant filed a timely notice of appeal.  On November 10, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on November 26, 2014.

Appellant raises the following issue for our review:

> [WHETHER] THE TRIAL COURT ERRED IN FINDING APPELLANT INELIGIBLE FOR [RRRI] BECAUSE THE CRIME

---

[2] The court *nolle prossed* the remaining charges of theft from a motor vehicle, conspiracy to commit theft by unlawful taking, receiving stolen property, loitering and prowling at nighttime, sale of firearms, firearms not to be carried without a license, and additional charges of corruption of minors.

[3] RRRI is a sentencing program that allows qualified, non-violent offenders to become eligible for parole before they have completed their sentence of incarceration if they complete requisite classes and tasks.

HE WAS CONVICTED OF [INVOLVED] THE THEFT OF A GUN[?]

Appellant's Brief at 9.

Appellant argues that his felony was not an offense "involving a deadly weapon" under 61 Pa.C.S. § 4503, and the Commonwealth did not establish the firearm he stole was a deadly weapon. He suggests the handgun was not a deadly weapon because he did not use it to facilitate the crime and had no intention of using it for its inherent purpose. Further, he claims that he does not have a history of violent behavior, and that the offense of theft by unlawful taking does not support a finding of ineligibility in the RRRI statute. Appellant concludes the trial court erred in refusing to find him eligible for RRRI. We disagree.

Primarily, we note that "[i]t is legal error to fail to impose a RRRI minimum on an eligible offender." *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa.Super.2014). A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Id.* In this context, Appellant challenges the court's interpretation of a statute.

"[B]ecause statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo.*" *Commonwealth v. Gerald*, 47 A.3d 858, 859 (Pa.Super.2012), *appeal denied*, 55 A.3d 522 (Pa.2012) (quoting *Commonwealth v. Arroyo*, 991 A.2d 951, 955 (Pa.Super.2010)).

When interpreting a statute:

Our task is guided by the sound and settled principles set forth in the Statutory Construction Act, including the primary maxim that the object of statutory construction is to ascertain and effectuate legislative intent. 1 Pa.C.S. § 1921(a). In pursuing that end, we are mindful that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). Indeed, "[a]s a general rule, the best indication of legislative intent is the plain language of a statute." In reading the plain language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage," while any words or phrases that have acquired a "peculiar and appropriate meaning" must be construed according to that meaning. 1 Pa.C.S. [§] 1903(a). However, when interpreting non-explicit statutory text, legislative intent may be gleaned from a variety of factors, including, *inter alia:* the occasion and necessity for the statute; the mischief to be remedied; the object to be attained; the consequences of a particular interpretation; and the contemporaneous legislative history. 1 Pa.C.S. § 1921(c). Moreover, while statutes generally should be construed liberally, penal statutes are always to be construed strictly, 1 Pa.C.S. § 1928(b)(1), and any ambiguity in a penal statute should be interpreted in favor of the defendant.

*Commonwealth v. Wilson*, 111 A.3d 747, 751 (Pa.Super.2015), *reargument denied,* Apr. 17, 2015 (quoting *Commonwealth v. Shiffler*, 879 A.2d 185, 189–190 (Pa.2005)).

61 Pa.C.S. § 4503 defines an "eligible offender" for RRRI purposes as follows:

**"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets **all** of the following eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

- 4 -

(2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of ***an offense involving a deadly weapon*** or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

    18 Pa.C.S. § 4302(a) (relating to incest).

    18 Pa.C.S. § 5901 (relating to open lewdness).

    18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

    Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

- 5 -

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

\*     \*     \*

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503 (emphasis added).

The trial court found Appellant RRRI-ineligible because he was convicted of an offense "involving a deadly weapon" under Section 4503(2). N.T., 10/22/14, at 10 ("There's no doubt that a state trooper's service revolver, pistol is a deadly weapon. And he's convicted of stealing it. So he's not RRRI-eligible."). This decision was correct under the plain meaning of the statute, which excludes offenders from RRRI who are "convicted of an offense ***involving*** a deadly weapon." 61 Pa.C.S. § 4503(2). Notably, this provision does not say that a defendant must use the deadly weapon in any way; it requires only that the offense "involve" a deadly weapon. Appellant's crimes clearly did.

Appellant suggests we view the gun as we would view any item that Appellant may have stolen and resold, because he did not use the gun as one would use a deadly weapon. Appellant directs our attention to

*Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa.Super.2014) (*en banc*), *appeal denied,* 104 A.3d 1 (Pa.2014), wherein this Court found an automobile to be a deadly weapon for purposes of the deadly weapon enhancement of the sentencing guidelines. Specifically, he quotes, "the character of the vehicle changed to a deadly weapon the instant Appellant backed his vehicle out of the bar's parking lot, accelerated forward at its maximum rate of acceleration, and struck the victim with sufficient force to cause death. [*Id.* at 1269]". Appellant's Brief at 13. Appellant correctly notes that **Buterbaugh** stands for the proposition that an object that is normally not a deadly weapon can be considered as such depending on the circumstances. Unfortunately for Appellant, the contrapositive –- that a deadly weapon not used as such can lose its identity as a deadly weapon -- is not true. In **Buterbaugh**, this Court conducted the analysis to find the automobile was a deadly weapon because "an automobile is clearly not a firearm, nor is it one of the dangerous weapons defined in 18 Pa[.C.S]. § 913." *Id.* at 1268.

The fact remains that a pistol is a deadly weapon that Appellant could have intentionally or accidentally, used to injure or kill another person, as could Turner, the person that purchased the weapon from Appellant. Appellant could not have caused such grievous harm with stolen, but non-deadly items, such as bicycles or candy bars.

Thus, we agree with the trial court that Appellant's issue merits no relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/2015