**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY JOSEPH SPUDIS | |
| Appellant | No. 648 MDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001913-2013
CP-40-CR-0001914-2013
CP-40-CR-0001955-2014
CP-40-CR-0001956-2014
CP-40-CR-0001957-2014
CP-40-CR-0002007-2013
CP-40-CR-0002756-2014
CP-40-CR-0002759-2014
CP-40-CR-0002893-2014

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED APRIL 26, 2016**

Appellant, Anthony Joseph Spudis, appeals from the March 5, 2015 aggregate judgment of sentence of 90 months to 180 months' incarceration, following his guilty pleas to multiple charges in several cases.[1]  On appeal,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant plead to the following counts at the following docket numbers: at CP-40-CR-0001913-2013, one count of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii); at CP-40-CR-0001914-2013, one count of criminal trespass, *id.*; at CP-40-CR-0002007-2013, one count  of possession of a controlled substance (heroin) 35 P.S § 780-113(a)(16), and one count
*(Footnote Continued Next Page)*

Appellant challenges the trial court's determination that he is not eligible for a Recidivism Risk Reduction Incentive (RRRI) sentence[2]  After careful consideration, we affirm.

The trial court summarizes the pertinent procedural history of this case as follows.

> On December 22, 2014 [Appellant] appeared before the undersigned for purposes of sentencing in four separate criminal informations…. At that time defense counsel and the Commonwealth indicated they wished to present a negotiated plea on six additional informations. Sentencing on all ten[3] informations was subsequently scheduled for and conducted on March 5, 2015.

*(Footnote Continued)* _____

possession of drug paraphernalia, *id.* § 780-113(a)(32); at CP-40-CR-0001955-2014, one count of criminal attempt (theft by unlawful taking), 18 Pa.C.S.A. § 901(a); at CP-40-CR-0001956-2014, one count of criminal attempt (burglary), *id.,* and one count of criminal mischief, *id.* § 3304(a)(5); at CP-40-CR-0001957-2014, one count of burglary, *id.* § 3502(a)(1), and one count of theft by unlawful taking, *id.* § 3921(a); at CP-40-CR-0002756-2014, one count of theft from motor vehicle, *id.* § 3934(a); at CP-40-CR-0002759-2014, one count of theft from motor vehicle, *id.*; and at CP-40-CR-0002893-2014, one count of burglary, *id.* § 3502(a)(2), and one count of theft by unlawful taking, *id.* § 3921(a).

At the time of his guilty plea Appellant was charged at CP-40-CR-0002893-2014 with burglary under Subsection 3502(a)(1). However, at sentencing the parties agreed no other person was present, making the correct Subsection 3502(a)(2). Both counts remained first-degree felonies, and the change of the one Subsection does not affect the issues presented in this appeal.

[2] 61 Pa.C.S.A. §§ 4501-4512.

[3] The trial court sentenced Appellant on charges from CP-40-CR-0004306-2012, but this docket number was not included in Appellant's appeal.

Included in the multiple criminal offenses to which the defendant entered pleas of guilty were two burglaries, both felonies of the first degree. …

…

The defendant was represented by Assistant Public Defender Joseph Yeager, Esquire and Conflict Counsel Janan Tallo, Esquire on separate informations. …

The [trial c]ourt … imposed standard range sentences in each of the referenced criminal informations.[4] …

After setting forth the aggregate sentence the Trial Court noted the defendant was "RRRI" eligible. The Commonwealth disagreed arguing the presentence investigation was incorrect….

…

The Sentencing Judge thereafter referenced the Supreme Court's holding in [**Commonwealth v.**

---

[4] Specifically, the trial court sentenced Appellant to a term of incarceration of 60 to 120 months for the burglary count at docket 1957-2014; a concurrent term of 35 to 90 months for the burglary count at docket 2893-2014; a consecutive term of 30 to 60 months for the criminal trespass count at docket 1914-2013; a concurrent term of 30 to 60 months for the criminal attempt count at docket 1955-2014; a concurrent term of 30 to 60 months for the criminal trespass count at docket 1956-2014; a concurrent term of 12 to 24 months for the REAP count at docket 4306-2012; a concurrent term of 6 to 24 months for the retail theft count at docket 4306-2012; a concurrent term of 6 to 24 months for the theft from an automobile count at docket 2759-2014; a concurrent term of 6 to 12 months for the possession of controlled substance count at docket 2007-2013; a concurrent term of 6 to 12 months for the drug paraphernalia count at docket 2007-2013; a concurrent term of 6 to 12 months for the theft from an automobile count at docket 2756-2014; and a $300.00 fine for the criminal mischief count at docket 1956-2014.

> ***Chester***, 101 A.3d 56 (Pa. 2014)] and agreed the defendant was ineligible.
>
> The Office of Public Defender filed a notice of appeal on March 26, 2015. An order was issued pursuant to Pa.R.A.P. 1925(b) on April 1, 2015. The Public Defender requested and the court issued an order extending the time within which to file the concise statement on April 21, 2015. Appellant's concise statement was subsequently received on April 27, 2015 and the Commonwealth submitted a response on April 29, 2015.[5]

Trial Court Opinion, 5/21/15, at 1-3 (citation omitted).

On appeal, Appellant raises the following question for our review.

> Whether the trial court erred by refusing to impose a minimum sentence pursuant to the Recidivism Risk Reduction Incentive Act [(RRRI)] where [Appellant] is an eligible offender because he did not "demonstrate a history of present or past violent behavior?"

Appellant's Brief at 2.

"[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." ***Commonwealth v. Robinson***, 7 A.3d 868, 871 (Pa. Super. 2010). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Main***, 6 A.3d 1026, 1028 (Pa. Super. 2010) (citations omitted). Appellant's challenge involves the interpretation of the RRRI

---

[5] The trial court filed its Rule 1925(a) opinion on May 21, 2015.

statute. "[B]ecause statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo.*" *Commonwealth v. Hanna*, 124 A.3d 757, 759 (Pa. Super. 2015) (citation omitted).

Pertinent to this appeal, the eligibility requirements for RRRI participation are set forth in the statute as follows.

> **§ 4503. Definitions**
>
> …
>
> **"Eligible offender."** A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
> …

61 Pa.C.S.A. § 4503.[6]

The dispute in this case is whether Appellant has "demonstrat[ed] a history of present or past violent behavior" as to disqualify him from RRRI sentencing under Subsection (1). Appellant's Brief at 5-6; Commonwealth's Brief at 6; Trial Court Opinion, 5/21/15, at 3-4. Appellant argues, "[n]one of the crimes in [Appellant's] prior record is a crime of violence, demonstrates

---

[6] It is not contested that none of the other disqualifying convictions or circumstances enumerated in the act apply to Appellant.

a violent nature or predisposition or is a personal injury crime…." Appellant's Brief at 6. Appellant acknowledges our Supreme Court's holding that "a conviction for first-degree burglary constitutes 'violent behavior' under Section 4503(1)." ***Chester***, ***supra*** at 65. However, Appellant avers "***Chester*** does not by inference hold that a defendant being currently sentenced on **one** current felony[-]one burglary with a person present is sufficient to render a defendant ineligible for RRRI" and does not constitute a "history" of violent behavior. Appellant's Brief at 6-7 (emphasis added).

Upon careful review, we conclude Appellant's argument fails because it is based on a misinterpretation of the holding in ***Chester***, a misstatement of the state of the record, and an erroneous interpretation of the RRRI statute. We first note, that in concluding first-degree felony burglaries are crimes of violence, the ***Chester*** Court did not limit its conclusion to those first-degree felony burglaries where a person is present during its commission as Appellant implies. ***See Chester***, ***supra*** at 64-65 (noting only if a burglarized premises is not adapted for overnight accommodation **and** no person is present at the time of entry is the risk of confrontation diminished and the crime graded as a second degree felony); Appellant's Brief at 6. Accordingly, Appellant's contention that he faces only one current first-degree felony burglary, which should be deemed insufficient to establish a "history" under Section 4503(1) is based on a misinterpretation of ***Chester***.

This misinterpretation led to Appellant's misapprehension of his relevant record as it pertains to his history of violent behavior. In connection with the dockets subject to the instant sentence and appeal, Appellant pled guilty to **two** first-degree felony burglaries at dockets CP-40-CR-0001957-2014 and CP-40-CR-0002893-2014, respectively. Additionally, Appellant had one prior conviction for first-degree felony burglary. *See Commonwealth v. Spudis*, CP-40-CR-0005024-2006, (docket sheet).[7] Therefore, Appellant's premise, that the trial court determined he had a past or present history of violent behavior based on a single current conviction of a first-degree felony burglary is mistaken. Rather, Appellant has one prior and two current first-degree felony burglary convictions, which under *Chester* may disqualify Appellant from RRRI participation. *See Chester*, *supra* at 65.

Furthermore, even if Appellant only had a single first-degree felony burglary conviction, we conclude Appellant misinterprets the RRRI statute on the question of what may establish a past or present history of violent behavior. This Court recently addressed and rejected the identical issue advanced by Appellant. *See Commonwealth v. Cullen-Doyle*, --- A3d --- 2016 WL 284428, at *4 (Pa. Super. 2016). In that case, the appellant

---

[7] The trial court stated that Appellant had two prior first-degree felony burglary convictions. Trial Court Opinion, 5/21/15, at 3 n.3. However, one of those mentioned appears to be only a second-degree felony burglary conviction. *See Commonwealth v. Spudis*, CP-40-CR-0000841-2002, (docket sheet)

claimed "the trial court erred in finding him ineligible for the RRRI program because this case involves only a single burglary conviction and he has neither a past history of disqualifying convictions nor a present history of multiple convictions." *Id.* In *Cullen-Doyle*, we noted that the *Chester* Court "determined that it did not need to decide whether a single conviction qualified as a 'history of violent behavior' under Section 4503(1)." *Id.* After analyzing the text and history of the RRRI statute, the *Chester* decision, and other relevant sentencing considerations, we concluded that "Section 4503(1) does not distinguish between violent behaviors that take place in the past and those that occur in the present; both forms of violent conduct disqualify participation in the RRRI program." *Id.* at *5. We therefore held that "[t]he legislature's use of general terms to describe the disqualifying conduct set forth in § 4503(1) persuades us that a single conviction for first-degree burglary, an admittedly violent act under long-standing Pennsylvania law, is sufficient to establish a present history of violent behavior." *Id.*

Based on the foregoing, we discern no error by the trial court in its determination that Appellant was not RRRI eligible based on his three past and current convictions for burglaries graded as first-degree felonies. Accordingly, we deem Appellant's sentence to be a legal one and, therefore, affirm the March 5, 2015 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/26/2016</u>