J-S68035-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
:       PENNSYLVANIA
        Appellee   :
      v.   :
:
JOHN L. BOWES,   :
:
       Appellant   :   No. 356 MDA 2017

Appeal from the Judgment of Sentence August 21, 2015,
in the Court of Common Pleas of Centre County,
Criminal Division, at No(s): CP-14-CR-0001121-2014

BEFORE:    LAZARUS, DUBOW, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:       **FILED NOVEMBER 09, 2017**

John L. Bowes (Appellant) appeals *nunc pro tunc* from the judgment of sentence imposed after entering into a negotiated guilty plea to twelve drug-related charges. We affirm.

The charges in this matter arose from Appellant's selling controlled substances to a confidential informant. On May 19, 2015, Appellant pled guilty to all charges pursuant to a negotiated guilty plea. On August 21, 2015, the trial court sentenced Appellant, consistent with the negotiated plea agreement, to an aggregate term of eight to 16 years of incarceration.

The trial court then asked whether Appellant is "eligible for triple RI [(RRRI)]."[1] N.T., 8/21/2015, at 4. The trial court briefly reviewed the pre-

---

[1] "RRRI is a sentencing program that allows qualified, non-violent offenders to become eligible for parole before they have completed their sentence of incarceration if they complete requisite classes and tasks." ***Commonwealth***

*Retired Senior Judge assigned to the Superior Court.

sentence investigation (PSI) report and noticed that there was "a simple assault" conviction. *Id*. Thus, the trial court concluded that Appellant was "ineligible for [RRRI]." *Id*. Appellant filed neither post-sentence motions nor a timely direct appeal, but did file a timely petition pursuant to the Post Conviction Relief Act,[2] which resulted in the reinstatement of his right to file a direct appeal *nunc pro tunc*.

Appellant then filed the instant appeal.[3] The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and Appellant complied. The trial court then filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents one question for our review: "Whether the trial court imposed an illegal sentence when it failed to determine, at the time of sentencing, whether Appellant is an eligible offender under the [RRRI] Act, thereby violating 61 Pa.C.S. § 4505(a)[.]" Appellant's Brief at 4.

"A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence." ***Commonwealth v. Tobin***, 89 A.3d 663, 670

---

*v. Hanna*, 124 A.3d 757, 758 (Pa. Super. 2015). ***See*** 61 Pa.C.S. §§ 4501-4512.

[2] 42 Pa.C.S. §§ 9541-9546.

[3] Appellant filed his notice of appeal more than 30 days after the entry of the order granting him leave to appeal *nunc pro tunc*. However, because that order did not specify that Appellant had 30 days to file an appeal, we will not quash the appeal as untimely filed. ***See Commonwealth v. Wright***, 846 A.2d 730 (Pa. Super. 2004).

(Pa. Super. 2014). "It is legal error to fail to impose a RRRI minimum on an eligible offender." *Id*. Thus, we review Appellant's issue as "a question of law, [and] our scope of review is plenary and our standard of review is *de novo*." ***Commonwealth v. Gerald***, 47 A.3d 858, 859 (Pa. Super. 2012) (citation omitted).

An eligible offender is defined by the RRRI Act, in relevant part, as follows:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.
>
> ***
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111), known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree….
>
> ***
>
> (6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503.

According to the PSI, Appellant was convicted of simple assault as a second-degree misdemeanor on February 10, 2005, and he was sentenced to six to twelve months of incarceration. Based on the plain language of section 4503(3), Appellant is not an eligible offender because he has been convicted previously of simple assault as a second-degree misdemeanor, which is a personal injury crime as defined by the Crime Victims Act.[4] Accordingly, we conclude the trial court determined correctly at sentencing that Appellant was not RRRI eligible,[5] and therefore Appellant's sentence is not illegal.

---

[4] Section 4503(3) exempts simple assault where it is a third-degree misdemeanor, which occurs when it is committed "in a fight or scuffle entered into by mutual consent." 18 Pa.C.S. § 2701(b)(1).

[5] In its opinion, the trial court concludes that Appellant was RRRI ineligible pursuant to 61 Pa.C.S. § 4503(6), which relates to ineligibility for defendants convicted of drug-related offenses. Trial Court Opinion, 4/7/2017, at 2-3. Appellant argues that this conclusion is in error. Appellant's Brief at 11-15. However, we need not make that determination because the record is clear that Appellant was not eligible pursuant to section 4503(3). It is well-settled that this Court may affirm a trial court order on any basis apparent from the record. **See Alco Parking Corp. v. Pub. Parking Auth. of Pittsburgh**, 706 A.2d 343, 349 (Pa. Super. 1998) ("The order of a trial court may be affirmed on appeal if it is correct on any legal ground or theory, regardless of the reason or theory adopted by the trial court.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017