J-S20042-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEVEN RODABAUGH | : | |
| | : | |
| Appellant | : | No. 1743 WDA 2018 |

Appeal from the Order Entered November 13, 2018
In the Court of Common Pleas of Jefferson County
Criminal Division at No(s): CP-33-CR-0000539-2002

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.:                    FILED JUNE 03, 2019

Appellant, Steven Rodabaugh, appeals pro se from the order entered in the Jefferson County Court of Common Pleas, which denied his second petition filed under the Post-Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546, which he styled as a motion for sentence modification. We affirm.

The relevant facts and procedural history of this case are as follows. On August 22 and 23, 2002, Appellant placed a series of five threatening phone calls to Victim, who is a Jefferson County Domestic Relations Department employee. Appellant cursed at Victim and warned her not to show up to work the following Monday. The Commonwealth charged Appellant on September 4, 2002, with terroristic threats, harassment and stalking, and harassment by communication or address.

On October 2, 2002, Appellant pled guilty to two counts of terroristic

threats, and the court sentenced Appellant to an aggregate three (3) months to two (2) years less one (1) day of imprisonment, plus four (4) years' probation. While on probation, Appellant moved to Michigan and committed new crimes. When released on bail for the Michigan crimes, Appellant absconded to Florida. After police apprehended Appellant in Missouri, Appellant pled guilty to the Michigan crimes on June 21, 2011. Appellant completed the sentences related to the Michigan charges on May 18, 2015.

On June 3, 2015, the trial court held a violation of probation hearing regarding the original Pennsylvania crimes. The court resentenced Appellant to an aggregate three (3) to ten (10) years' imprisonment. Appellant filed a pro se "Post-Sentence Motion to Modify Sentence" on October 6, 2017, which the court denied on October 10, 2017. On June 6, 2018, this Court reversed and remanded for further proceedings, concluding the trial court should have treated Appellant's October 6, 2017 motion as a first, though untimely, PCRA petition and appointed counsel. In response, the court appointed PCRA counsel on June 8, 2018. On July 13, 2018, counsel filed a petition to withdraw and a Turner/Finley[1] no-merit letter. The court issued notice on July 16, 2018, of its intent to dismiss per Pa.R.Crim.P. 907 and granted counsel's petition to withdraw. Appellant did not respond. On August 6, 2018, the court denied Appellant's PCRA petition, and Appellant filed a pro se notice

---

[1] Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

- 2 -

of appeal.

During the pendency of that appeal, Appellant filed the current "Motion for Modification of Sentence" on October 22, 2018. On October 25, 2018, the court ordered the October 22, 2018 motion to be held in abeyance until the prior appeal was resolved. On November 13, 2018, however, the court denied relief on the October 22, 2018 motion. Appellant timely filed a pro se notice of appeal on December 3, 2018. On December 6, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Appellant timely filed on December 17, 2018.

Appellant raises the following issues for our review:

WAS APPELLANT ENTITLED TO PRE-TRIAL CONFINEMENT CREDIT PURSUANT TO 42 PA.C.S. [§] 9737, UNDER COM. V. HOLLAWELL, 604 A.2D 723 [(PA.SUPER. 1992)] AND COM. V. MANN, 957 A.2D 746 [(PA.SUPER. 2008)]?

WAS APPELLANT ENTITLED TO PRE-TRIAL CONFINEMENT CREDIT FOR PENNSYLVANIA WHILE HELD ON A PENNSYLVANIA DETAINER WHILE BEING HELD IN MISSOURI AND MICHIGAN?

WAS APPELLANT ELIGIBLE FOR RRRI ON THIS 2002 CASE FOR SENTENCING AND RE-SENTENCING BECAUSE APPELLANT HAD NO PRIOR CRIMINAL HISTORY UNDER COM. V. CULLEN-DOYLE, [640 PA. 783,] 164 A.[3]D 1239 [(2017)]?

HAS APPELLANT BEEN DENIED DUE PROCESS OF LAW UNDER THE TIMELY VIOLATION HEARING?

WAS APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL FOR VIOLATION HEARING AND THE RE-SENTENCING HEARING?

(Appellant's Brief at 4).

As a prefatory matter, any petition for post-conviction collateral relief generally is considered a PCRA petition, regardless of how an appellant captions the petition, if the petition raises issues for which the relief sought is the kind available under the PCRA. Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). "A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence." Commonwealth v. Hanna, 124 A.3d 757, 759 (Pa.Super. 2015). "Issues concerning the legality of sentence are cognizable under the PCRA." Commonwealth v. Beck, 848 A.2d 987, 989 (Pa.Super. 2004).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. Commonwealth v. Conway, 14 A.3d 101 (Pa.Super. 2011), appeal denied, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. Ford, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA

court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to relief, and no purpose would be served by any further proceedings. Commonwealth v. Wah, 42 A.3d 335 (Pa.Super. 2012).

Significantly,

> Pennsylvania law makes clear the trial court has no jurisdiction to consider a subsequent PCRA petition while an appeal from the denial of the petitioner's prior PCRA petition in the same case is still pending on appeal. Commonwealth v. Lark, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000). See also Commonwealth v. Montgomery, 181 A.3d 359, 364 (Pa.Super. 2018) (en banc), appeal denied, ___ Pa. ___, 190 A.3d 1134 (2018) (reaffirming that Lark precludes consideration of subsequent PCRA petition while appeal of prior PCRA petition is still pending). A petitioner must choose either to appeal from the order denying his prior PCRA petition or to file a new PCRA petition; the petitioner cannot do both, i.e., file an appeal and also file a PCRA petition, because "prevailing law requires that the subsequent petition must give way to a pending appeal from the order denying a prior petition." Commonwealth v. Zeigler, 148 A.3d 849, 852 (Pa.Super. 2016). In other words, a petitioner who files an appeal from an order denying his prior PCRA petition must withdraw the appeal before he can pursue a subsequent PCRA petition. Id. If the petitioner pursues the pending appeal, then the PCRA court is required under Lark to dismiss any subsequent PCRA petitions filed while that appeal is pending. Lark, supra.

> Pennsylvania law also states unequivocally that no court has jurisdiction to place serial petitions in repose pending the outcome of an appeal in the same case. Id. See also Commonwealth v. Porter, 613 Pa. 510, 523, 35 A.3d 4, 12 (2012) (stating that holding serial petitions in abeyance pending appeal in same case perverts PCRA timeliness requirements and invites unwarranted delay in resolving cases, as well as strategic litigation abuses).

Commonwealth v. Beatty, ___ A.3d ___, 2019 PA Super 107, *2-*3 (filed April 8, 2019).

In the instant case, Appellant pro se previously filed a "Post-Sentence Motion to Modify Sentence" on October 6, 2017, which the court denied. In an opinion filed June 6, 2018, this Court reversed and remanded for further proceedings, concluding the court should have treated Appellant's motion as a first, albeit untimely, PCRA petition and appointed counsel. Following remand and appointment of counsel, the court again denied collateral relief on August 6, 2018. On the same day, Appellant appealed the decision.

During the pendency of that appeal, Appellant filed the current "Motion for Modification of Sentence" on October 22, 2018, challenging the court's denial of RRRI eligibility. The court should have treated this current motion as a serial PCRA petition. See Peterkin, supra; See 42 Pa.C.S.A. § 9542. Appellant filed the serial petition while the appeal from his first petition was still pending, so the court should have dismissed the current petition outright. See Lark, supra. Instead, the PCRA court erred in initially ordering the petition held in abeyance until the appeal of the first petition was resolved. See id.

Under Pennsylvania law, Appellant had the option of either going forward with his appeal from the order denying his first PCRA petition or filing and pursuing the second PCRA petition, but he could not do both. See Zeigler, supra. As soon as Appellant decided to exhaust the appeal from the

denial of his first petition, the law required the PCRA court to dismiss any serial petitions filed during the pendency of that appeal. See Lark, supra. The court had no authority to hold Appellant's second petition in abeyance until Appellant's pending appeal concluded. See id. Thus, we respectfully disagree with the court's suggestion to vacate the order denying Appellant's current petition and dismiss the instant appeal. Instead, we affirm the denial of relief on Appellant's current petition, albeit on other grounds. See Commonwealth v. Reese, 31 A.3d 708, 727 (Pa.Super. 2011) (en banc) (stating appellate court may affirm on any basis as long as ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/3/2019