J-A29018-19

2020 PA Super 85

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONNIE LEHMAN | : | |
| | : | |
| Appellant | : | No. 1715 WDA 2018 |

Appeal from the Judgment of Sentence Entered, November 5, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0003380-2018.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

OPINION BY KUNSELMAN, J.: FILED APRIL 6, 2020

Ronnie Lehman appeals from the judgment of sentence imposed following his conviction for possession of controlled substance contraband by an inmate.[1] After careful review, we affirm.

The facts underlying the instant appeal are not in dispute, as the parties stipulated to the factual history contained in the affidavit of probable cause, which provided as follows:

> On [March 5, 2018 at approximately 8:20 a.m.] I, Officer Lutz, along with Officer Strano responded to the Renewal Center (a halfway house) for an overdose. While in route [sic] dispatch notified us that an employee was just stuck with a needle found on the overdosed person's body. Upon arrival Medic 14 was treating the overdosed male, Ronnie Lehman. Security Officer, John Wagner, stated that another unknown inmate called down to the front desk to report that there was a male passed out in the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] See 18 Pa.C.S.A. § 5123(a.2).

bathroom on the 2nd floor. John Wagner, Ralph Chippich, and Anthony Narducci responded to the bathroom and found Ronnie Lehman unresponsive on the bathroom floor. They gave Lehman 2 doses of Narcan. Ralph Chippich went to search Lehman's pockets and was stuck with a hypodermic needle that was in Lehman's pocket. Ex. 2: a hypodermic needle was recovered along with Ex:1: 10 stamp bags of heroin marked "World Wide" from Lehman's pocket by John Wagner. Wagner turned over the stamp bags of heroin to me and disposed of the needle in a sharps container. Chippich had another employee drive him to Mercy Hospital for treatment. Ronnie Lehman was transported to Mercy Hospital by Medic 14. Officer Strano went to Mercy Hospital to transport Lehman to the [Allegheny County Jail] after he is released. Lehman was transported to the ACJ from Mercy by Officer Strano with out [sic] incident.

Lehman's Brief at 8 (citing Affidavit of Probable Cause, 3/5/18, at 2).

Following this incident, the police charged Lehman with possession of controlled substance contraband by an inmate, along with possession of a controlled substance and possession of drug paraphernalia. See 35 P.S. §§ 780-113(a)(16), (32). Lehman filed a motion to dismiss the charges for possession of a controlled substance and possession of drug paraphernalia pursuant to the Drug Overdose Response Immunity Act, 35 P.S. § 780-113.7, which provides immunity from prosecution for certain drug-related offenses under specified circumstances.[2] In response, the Commonwealth nolle prossed the charges for possession of a controlled substance and possession of drug paraphernalia.

_____

[2] In an effort to prevent overdose deaths, the Pennsylvania Legislature enacted the Act to provide for immunity from prosecution for certain minor possessory crimes when a person has a reasonable belief someone is suffering from an overdose and contacts local authorities. See Commonwealth v. Lewis, 180 A.3d 786 (Pa. Super. 2018). The Act provides this immunity to both the reporter and the victim, so long as several conditions are met. Id.

Lehman then informed the trial court that he was extending his motion to dismiss to the possession of contraband charge as well. The parties briefed the issue of whether Lehman had immunity under the Drug Overdose Response Immunity Act from that charge. Ultimately, the trial court denied the additional request for immunity, and the case proceeded to a bench trial, where Lehman was convicted of possession of contraband. The trial court sentenced Lehman to thirty-five to ninety months of incarceration. Lehman filed a timely notice of appeal. Both Lehman and the trial court complied with Pa.R.A.P. 1925.

Lehman raises the following issue for our review:

In an issue of first impression, should the trial court have dismissed the contraband charge filed against Mr. Lehman because the Drug Overdose Response Immunity Act . . . provides immunity from prosecution for minor narcotics infractions to persons who overdose and obtain medical assistance from authorities? More specifically, as the contraband charge . . . can only be proven by possession of a controlled substance, for which offense Mr. Lehman has immunity under the Act, should immunity also apply here to prohibit any criminal prosecution of Mr. Lehman for possession of heroin, no matter where it was possessed?

Lehman's Brief at 10 (emphasis in original).

Lehman's claim involves the interpretation and application of the Drug Overdose Response Immunity Act. As "statutory interpretation is a question of law, our standard of review is de novo[] and our scope of review is plenary." Commonwealth v. Hacker, 15 A.3d 333, 335 (Pa. 2011) (internal quotations and citations omitted). We further note that:

The principal objective of statutory interpretation and construction is to ascertain and effectuate the intention of the legislature. 1 Pa.C.S.A. § 1921(a). . . . The plain language of a statute is the best indication of legislative intent. The basic tenet of statutory construction requires a court to construe words of the statute according to their plain meaning. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b).

Commonwealth v. Poncala, 915 A.2d 97, 104 (Pa. Super. 2006) (some internal quotations and citations omitted).

Lehman argues that the trial court erred in concluding that he was not entitled to immunity under the Drug Overdose Response Immunity Act for the possession of contraband charge. That Act provides, in relevant part:

(a) A person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following:

(1) law enforcement officers only became aware of the person's commission of an offense listed in subsection (b) because the person transported a person experiencing a drug overdose event to a law enforcement agency, a campus security office or a health care facility; or

(2) all of the following apply:

(i) the person reported, in good faith, a drug overdose event to a law enforcement officer, the 911 system, a campus security officer or emergency services personnel and the report was made on the reasonable belief that another person was in need of immediate medical attention and was necessary to prevent death or serious bodily injury due to a drug overdose;

(ii) the person provided his own name and location and cooperated with the law enforcement officer, 911 system,

- 4 -

campus security officer or emergency services personnel; and

(iii) the person remained with the person needing immediate medical attention until a law enforcement officer, a campus security officer or emergency services personnel arrived.

(b) The prohibition on charging or prosecuting a person as described in subsection (a) bars charging or prosecuting a person for probation and parole violations and for violations of [35 P.S. §§ 780-113](a)(5), (16), (19), (31), (32), (33) and (37).

(c) Persons experiencing drug overdose events may not be charged and shall be immune from prosecution as provided in subsection (b) if a person who transported or reported and remained with them may not be charged and is entitled to immunity under this section

(d) The prohibition on charging or prosecuting a person as described in this section is limited in the following respects:

    (1) This section may not bar charging or prosecuting a person for offenses enumerated in subsection (b) if a law enforcement officer obtains information prior to or independent of the action of seeking or obtaining emergency assistance as described in subsection (a).

    (2) This section may not interfere with or prevent the investigation, arrest, charging or prosecution of a person for the delivery or distribution of a controlled substance, drug-induced homicide or any other crime not set forth in subsection (b).

    (3) This section may not bar the admissibility of any evidence in connection with the investigation and prosecution for any other prosecution not barred by this section.

    . . . .

35 P.S. § 780-113.7 (emphasis added).

The burden of proof under the Drug Overdose Response Immunity Act is not on the Commonwealth; rather, the defendant must establish that he is entitled to immunity under the Act. Commonwealth v. Markun, 185 A.3d 1026, 1033 (Pa. Super. 2018) (en banc); see also 35 P.S. § 780-113.7(a) (providing that "[a] person may not be charged and shall be immune from prosecution for any offense listed in subsection (b) and for a violation of probation or parole if the person can establish the following . . .").

Based on our review of the Drug Overdose Response Immunity Act, we conclude that the trial court did not err in declining to dismiss the charge of possession of contraband. The Act provides immunity for only certain, specifically-enumerated offenses, namely 35 P.S. §§ 780-113(a)(5), (16), (19), (31), (32), (33) and (37), and probation and parole violations. See id. § 780-113.7(b). The crime of possession of contraband, codified at 18 Pa.C.S.A. § 5123(a.2), is not one of those enumerated offenses. Moreover, by its plain language, the Drug Overdose Response Immunity Act prohibits the interference with or prevention of the investigation, arrest, charging or prosecution of a person for "any other crime not set forth in subsection (b)." 35 P.S. § 780-113.7(d)(2); see also Lewis, 180 A.3d at 790 (observing that the Act does not provide immunity for, inter alia, "any other serious crime not explicitly listed in the Act").[3]

_____

[3] Lehman's reliance on Markun, 185 A.3d 1026, is unavailing, as that case is both factually and legally distinguishable. Therein, Markun, an overdose

Although Lehman concedes that possession of contraband is not one of the offenses enumerated in subsection (b), he nevertheless contends that he should be entitled to immunity under the Drug Overdose Response Immunity Act because an element of the crime of possession of contraband is the crime of possession of a controlled substance, which is an enumerated offense under subsection (b). Lehman's Brief at 10. He argues that his immunity from prosecution for possession of a controlled substance should preclude the possession of contraband conviction.

While possession of a controlled substance is an element of possession of contraband, the crimes are nevertheless distinct. Pursuant to § 5123(a.2), the crime of possession of contraband is committed when "[a] prisoner or inmate . . . unlawfully has in his possession or under his control any controlled substance in violation of [35 P.S. § 780-1]13(a)(16) . . . For purposes of this subsection, no amount shall be deemed de minimus." 18 Pa.C.S.A. § 5123(a.2). The legislative purpose in enacting § 5123(a) was to prevent the acquisition of contraband substances by persons confined in prison environments. See Commonwealth v. Williams, 579 A.2d 869, 871 (Pa. 1990). Notably, possession of contraband under § 5123(a.2) does not require a conviction for possession of a controlled substance, but only the fact of such

_____

victim, was charged with possession of a controlled substance, not possession of contraband. This Court addressed the question of whether she had waived immunity under the Act for the possessory offense by failing to raise the issue in the trial court. See id. at 1035 (holding that the Legislature did not intend for the Act to operate as a waivable defense).

- 7 -

possession. See Commonwealth v. Gerald, 47 A.3d 858, 861 (Pa. Super. 2012).

Moreover, a conviction for possession of contraband under § 5123(a.2) is not a minor drug offense. Rather, it graded as a second-degree felony. See 18 Pa.C.S.A. § 5123(a.2). Thus, the Legislature clearly considered the possession of narcotics by an inmate, like Lehman, to be a serious offense regardless of the amount of narcotics involved. As noted previously, the Drug Overdose Response Immunity Act was not intended to provide immunity for serious offenses, like the crime in question. See Lewis, 180 A.3d at790 (observing that "[u]nder the appropriate circumstances, the reporter is rendered immune from prosecution for minor drug offenses enumerated in the [Drug Overdose Response Immunity] Act").[4] Had the Legislature desired to grant immunity to prisoners and inmates for possession of contraband, it could have done so. However, it did not. See Williams, 579 A.2d at 871 (observing that "we are constrained to focus upon the plain language of the statute rather than upon the harshness of the policy that the legislature has found it necessary to enforce").

_____

[4] In its opinion, the trial court remarked, "[c]ontraband requires more than possession, [it] requires possession within a facility, higher grading, higher concern with regard to the safety of others in that facility, and . . . the fact that it is in a facility within a criminal justice system where many other people are being treated to address addiction issues." Trial Court Opinion, 5/17/19, at 5.

Moreover, the mere fact that the crime of possession of a controlled substance is an element of the crime of possession of contraband is not indicative of any Legislative intent to provide immunity for all offenses involving possession of drugs. Indeed, the Drug Overdose Response Immunity Act expressly states that no immunity is to be granted for the crime of possession with intent to deliver, which includes the element of possession of narcotics. See 35 P.S. § 780-113.7(d)(2).[5]

In sum, Lehman is not entitled to relief because the plain and unambiguous terms of § 780-113.7 demonstrate that the Legislature did not intend to include the crime of possession of contraband as an enumerated offense for which immunity is provided under the Drug Overdose Response Immunity Act. Accordingly, the trial court did not err in denying his motion to dismiss that charge. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

President Judge Emeritus Bender joins the opinion.

Judge Pellegrini files a concurring opinion in which President Emeritus Bender joins.

_____

[5] Even if possession of contraband were an enumerated offense under subsection (b), Lehman does not contend, and we therefore do not address the question of whether he could otherwise satisfy the requirements for immunity under the Drug Overdose Response Immunity Act. See 35 P.S. § 780-113.7(a), (c).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2020