J-A29018-19

2020 PA Super 85

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                    :           PENNSYLVANIA
                                                    :
                    v.                              :
                                                    :
                                                    :
RONNIE LEHMAN                                       :
                                                    :
                    Appellant                       :   No. 1715 WDA 2018

Appeal from the Judgment of Sentence Entered November 5, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003380-2018

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

CONCURRING OPINION BY PELLEGRINI, J.:          FILED APRIL 6, 2020

I join the majority's well-reasoned decision that the Drug Overdose

Response Immunity Act, 35 P.S. § 780-113.7, does not immunize a prisoner

or inmate who overdoses in a community corrections center from being

charged under 18 Pa.C.S. § 5123(a.2)[1] of possessing a controlled substance

in prison.  I write separately to note that we are not deciding whether parolees

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 5123(a.2) provides that a "prisoner or inmate commits a felony of the second degree if he unlawfully has in his possession or under his control any controlled substance in violation of section 13(a)(16) of The Controlled Substance, Drug, Device and Cosmetic Act.  For purposes of this subsection, no amount shall be deemed de minimis."  "Inmate" is defined as "A male or female offender who 18 Pa.C.S. §5123(e) as a male or female offender committed to, under sentence to or confined in a penal or correctional institution."

who are in a community correction center, such as Renewal, can be so charged.

At his sentencing hearing in this case, Appellant's counsel notes that Appellant was on parole from a state sentence of incarceration while he was residing in Renewal. Notes of Testimony, 11/5/18, at 20-21. In its response and argument addressing Appellant's Motion to Dismiss, the Commonwealth emphasized that it is a person's status as a "prisoner or inmate" that elevates the crime of possession of a controlled substance, which is subject to immunity under the Act, to the crime of contraband, which is not. See Brief in Opposition to Motion to Dismiss at 6-7; Notes of Testimony, 8/30/18, at 5-6. While no party has challenged Appellant's status as a "prisoner or inmate" in this case, I note that under Pennsylvania law, it is not clear that a parolee lodged in Renewal would so qualify.

As explained in Medina v. Pennsylvania Board of Probation and Parole, 20 A.3d 1116 (Pa. Cmwlth 2015) and Harden v. Pennsylvania Board of Probation and Parole, 980 A.2d 691, 699 (Pa. Cmwlth. 2009), community corrections centers are operated by private entities under contract with the Pennsylvania Department of Corrections. The Department sends prisoners to these facilities shortly before they are eligible for release to provide them with transitional services to facilitate their reentry into society. Time spent in those facilities counts toward the prisoner's sentence and, if the prisoner absconds, he or she can be charged with escape.

The Pennsylvania Board of Probation and Parole also places individuals that it has paroled to these facilities directly out of prison as a condition of parole (if they do not agree to go to the facility, they stay in prison). Furthermore, parolees who violate a condition of parole such as drug use while on the "street" are sent to these facilities for treatment. Unlike prisoners, any time spent by parolees in those facilities does not count against their sentence. Moreover, if they leave the center, they are not charged with escape but with violating a condition of parole.

Because a parolee is placed in one of these facilities as a condition of parole, is not serving a sentence and has the option of not being placed in the facility, that raises the issue of whether are they an "inmate" or "prisoner" necessary to be charged with contraband drug possession under 18 Pa.C.S. § 5123(a.2).

In this case, everyone seems to assume that any person at Renewal is an "inmate." I write separately that to make clear that that assumption may be incorrect and we did not address its validity here.

President Judge Emeritus Bender joins the concurring opinion.