J-S55004-17

2017 PA Super 289

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER PAUL SHELTON, | : | |
| | : | |
| Appellant | : | No. 122 MDA 2017 |

Appeal from the Judgment of Sentence September 15, 2016
In the Court of Common Pleas of Bradford County
Criminal Division at No(s): CP-08-CR-0000856-2015

BEFORE: DUBOW, J., RANSOM, J., and STRASSBURGER, J.[*]

OPINION BY DUBOW, J.: **FILED SEPTEMBER 07, 2017**

Appellant, Tyler Paul Shelton, appeals from the Judgment of Sentence of an aggregate term of 75 to 360 months' incarceration imposed following his conviction by a jury of 15 counts of Corruption of Minors. Appellant challenges the court's Order granting the Commonwealth's Motion in *Limine*, which permitted the Commonwealth to present to the jury portions of a video recording of the victim's forensic interview.[1] After review, we affirm.

The Commonwealth charged Appellant with 100 counts each of Rape of Child, Involuntary Deviate Sexual Intercourse with Child, Aggravated

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant's victim is his daughter who was around age 12 at the time Appellant committed the instant crimes in 2014 and 2015. In 2015, the victim reported Appellant's crimes to her mother, after which the victim participated in a video-recorded forensic interview conducted by the Children's House Child Advocacy Center.

Indecent Assault of Child, Indecent Assault, and Corruption of Minors,[2] 40 counts of Corruption of Minors,[3] and 10 counts of Attempted Involuntary Deviate Sexual Intercourse with Child.[4]

The trial court held a preliminary hearing on October 16, 2015. At that hearing, the victim was unable to testify in sufficient detail to the events giving rise to the charges. Accordingly, the court dismissed the charges against Appellant.

The Commonwealth refiled the charges, and the court held a preliminary hearing on November 10, 2015. At that time, the court dismissed all of the charges save 40 counts each of Rape of Child, Involuntary Deviate Sexual Intercourse with Child, Indecent Assault, and Corruption of Minors.

On May 26, 2016, the Commonwealth filed a Motion in *Limine* in which it requested permission to "use all prior recorded statements of the victim as part of the testimony" pursuant to Pa.R.E. 803.1(3) (pertaining to recorded recollections of a declarant witness), as a prior consistent statement. Mot. in *Limine*, 5/26/16. The trial court did not rule on the Motion prior to trial.

---

[2] 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3123(b); 18 Pa.C.S. § 3125(b); 18 Pa.C.S. § 3126(a)(1); and 18 Pa.C.S. § 6301(a)(1)(ii), respectively.

[3] 18 Pa.C.S. § 6301(a)(1)(i).

[4] 18 Pa.C.S. 901(a).

Appellant's one-day jury trial commenced on June 24, 2016. The victim began testifying in the late morning. At the conclusion of the morning session of the trial, the court heard argument on the Commonwealth's Motion in *Limine*. Following argument and a lunch recess, the Commonwealth recalled the victim to the witness stand for additional direct examination and cross-examination, after which the court heard additional argument on the Commonwealth's Motion. The Commonwealth argued that the video recording represented a "prior recollection" that "would be more accurate" than her current recollection, that the victim testified that she "recalled it better then," and that she had stated that if she did not currently remember the answer to a question, she would respond to it by saying "no." N.T., 6/24/16 (PM Session), at 24. Appellant's counsel objected to admission of the video recording of the victim's forensic interview, arguing that Rule 803.1(3) did not contemplate this kind of admission, that the contents of the recording are cumulative of the victim's in-court testimony, and that the victim had not testified that she lacked a present recollection of the event, and, in fact, specifically testified to "numerous events." **Id.** at 24-25. Ultimately, the court permitted the jury to see an approximately fifteen minute portion of the video recording of the victim's forensic interview. **Id.** at 25-26.

That same day, the jury returned a verdict of guilty on 15 counts of Corruption of Minors, and acquitted Appellant of all other charges. On

September 15, 2016, the court sentenced Appellant to the above term of incarceration.

Appellant filed a timely Post-Sentence Motion in which he challenged, *inter alia*, the Commonwealth's use of the victim's prior recorded statement at trial. On December 18, 2016, the trial court denied Appellant's Motion.

Appellant filed a timely appeal from his Judgment of Sentence on January 16, 2017. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[5]

Appellant raises one issue on appeal:

> Did the trial court err in granting the Commonwealth's Motion in Limine wherein the court allowed the use of a forensic interview over timely objection from the defense with regard to Pa.R.E[.] 803.1(3) as the recorded recollection of the declarant witness.

Appellant's Brief at 7.[6]

In his only issue on appeal, Appellant challenges the admission of parts of the video recording of the victim's forensic interview. *Id.* at 12-13. He argues that Pa.R.E. 803.1(3) does not contemplate the admission of

_____

[5] On April 26, 2017, the trial court filed a "Statement In Lieu of Opinion[,]" in which it indicated that it intended its March 6, 2017 Opinion addressing the issues raised by Appellant in his Post-Sentence Motion to be its Rule 1925(a) Opinion.

[6] We note with disapproval that counsel failed to provide the correct standard of review in Appellant's Brief and included at the end of the argument section of the Brief errant sentences that do not pertain to the argument presented.

recordings of this kind and that the Commonwealth failed to meet the "lack of a present recollection prong" of Rule 803.1(3) because the victim "had already testified[] to numerous events." *Id.* at 13.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (citations and internal quotations omitted).

Pa.R.E. 803.1(3) permits the admission into evidence over a hearsay objection a "[r]ecorded [r]ecollection[] of [a] [d]eclarant-[w]itness" provided that the declarant testifies, is subject to cross-examination, and: (1) the recording is on a matter the declarant-witness once knew about but now cannot recall well enough to testify fully and accurately; (2) the recording was made or adopted by the declarant-witness when the matter was fresh in his or her memory; and (3) the declarant-witness's testimony in the recording accurately reflects his or her knowledge at the time when made. The recorded recollection exception applies only when the witness lacks a present recollection of the event. *See Commonwealth v. Young*, 748 A.2d 166, 177 (Pa. 1999). *See also* Daniel J. Anders, Ohlbaum on the

Pennsylvania Rules of Evidence § 803.1.20 *et seq.* (2017 ed. LexisNexis Matthew Bender).

Appellant claims that the court should have denied the Commonwealth's Motion in *Limine* because the Commonwealth did not satisfy the requirements of Rule 803.1(3) by demonstrating that the victim lacked a present recollection of the events of the crimes and because the information offered in the video recording is cumulative of the victim's in-court testimony. Appellant's Brief at 12-13, 16. We disagree.

Our review of the victim's direct and cross-examination testimony and the transcribed portions of the forensic interview reveals that the trial court did not abuse its discretion in admitting into evidence the video recording of the victim's forensic interview. The Commonwealth demonstrated that the video recording represented the recorded recollection of the victim concerning a matter about which the victim once knew "but now cannot recall well enough to testify **fully and accurately**[.]" Pa.R.E. 803.1(3)(A) (emphasis added). Moreover, the information provided in the video recording was not merely cumulative of the victim's testimony at trial.

Specifically, the victim testified that that the child advocate conducted the forensic interview depicted in the video recording within one week of the victim reporting the abuse to her mother. N.T., 6/24/16 (PM Session), at 3. At trial, the victim acknowledged that her memory of events was "much better then[.]" *Id.* Importantly, she informed the court that when the Commonwealth asked her a question at trial to which she could not recall

- 6 -

the answer, she would say "no," rather than admit that she did not recall. *Id.* Although the victim was able to testify at trial about many details of the abuse by her father, from our review of the transcribed portions of the video recording we discern that the victim reported the events of abuse more fully, with a greater level of detail, at her forensic interview. The victim testified that there were times during her testimony when she did not recall the answer to a question posed by the Commonwealth but instead of admitting as such, she answered the question in the negative. Therefore, we conclude that Appellant's argument that the Commonwealth failed to meet the "lack of a present recollection prong" of Rule 803.1(3) lacks merit and that the trial court did not abuse its discretion in finding that that the Commonwealth established the requisites for admission of the video recording pursuant to Pa.R.E. 803.1(3).

We also conclude that the trial court did not abuse its discretion in admitting the video recording as cumulative of the victim's testimony. Our review indicates that the victim's statement in the video recording, rather than being cumulative of her trial testimony, supplemented it by providing additional details and elaborating on those to which she testified at trial.

Judgment of Sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2017