J-A07043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :        PENNSYLVANIA
   :
         v.    :
   :
   :
   :
TYLER PAUL SHELTON    :
   :
      Appellant    :    No. 28 MDA 2023

Appeal from the PCRA Order Entered December 7, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000856-2015

BEFORE:    STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED: APRIL 24, 2024**

Appellant, Tyler P. Shelton, appeals from the order dated December 6, 2022, entered in the Bradford County Court of Common Pleas. We affirm the order and deny Appellant's application for appointment of substitute counsel.

The relevant procedural history and facts are as follows: The Commonwealth charged Appellant with 100 counts each of Rape of Child, Involuntary Deviate Sexual Intercourse with Child, Aggravated Indecent Assault of Child, Indecent Assault, and Corruption of Minors; 40 counts of Corruption of Minors; and 10 counts of Attempted Involuntary Deviate Sexual Intercourse with Child. Appellant's 12-year-old daughter was the victim. Appellant was convicted by a jury of fifteen counts of corruption of minors. On September 15, 2016, Appellant was sentenced to 75 to 360 months'

_____

[*] Former Justice specially assigned to the Superior Court.

incarceration. Appellant filed a post sentence motion which was denied on March 6, 2017. In his direct appeal to this Court, Appellant challenged the admission of evidence in his trial. On September 7, 1017, this Court affirmed. *See Commonwealth v. Shelton*, 170 A.3d 549 (Pa. Super. 2017).

On December 7, 2018, Appellant filed a timely *pro se* PCRA petition raising the two illegality of sentence claims at issues in this instant appeal. On July 11, 2020, the court denied his PCRA petition without a hearing and gave him twenty days to respond. Appellant filed a timely response that he had yet to be appointed an attorney. The court appointed Attorney Jason Beardsley, who inexplicably filed at least seven requests for an extension of time before filing an amended PCRA petition in June 2022. On December 6, 2022, Appellant's PCRA petition was denied. Appellant filed a timely notice of appeal. This appeal followed. [1]

Appellant raises two issues for our review:

1. Whether an illegal sentence was imposed upon Mr. Shelton when the sentencing court imposed consecutive sentences on fifteen counts of Corruption of Minors, graded as misdemeanors of the first degree, when the legislature has specified that when Corruption of Minors occurred as a course

---

[1] We note our extreme displeasure with the Commonwealth's brief. An appellee is required to file a brief that at minimum must contain a summary of argument and the complete argument for appellee. Pa. R. App. P. 2112. Although Appellee's brief here contains heading for "Summary of Argument" and "Argument," the brief is a total of one-half page and does not contain any citation to any caselaw whatsoever. We do not find the Commonwealth to have set forth a sufficiently "complete argument" pursuant to Rule 2112 where it addressed two issues in its argument section in a total of seven sentences.

of conduct the appropriate grading is a single felony of the third degree.

2. Whether the PCRA Court erred in finding Mr. Shelton was ineligible for RRRI, and therefore received an illegal sentence.

Appellant's Br. at 3.

Initially, we note that Appellant, while represented by Attorney Beardsley, filed a *pro se* application for the appointment of substitute counsel pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), on January 30, 2023. By order of court dated September 15, 2023, Attorney Beardsley was deemed withdrawn as counsel and Attorney Jordan Leonard was appointed as appellate counsel. Instantly, Appellant's counseled brief was filed by Attorney Leonard, and thus Appellant's application for appointment is denied as moot.

Appellant's first issue is that he received an illegal sentence when the sentencing court imposed consecutive sentences on fifteen counts of corruption of minors, graded as first-degree misdemeanors, instead of a single third-degree felony. Appellant's Br. at 8. "A claim a petitioner is serving an illegal sentence is cognizable under the PCRA, as long as the claim is raised in a timely petition." **Commonwealth v. Moore**, 247 A.3d 990, 993 (Pa. 2021). The Commonwealth argues that Appellant's claim, cognizable under the PCRA, was not raised in Appellant's petition or any amended petition and is therefore waived. Appellee's Br. at 2. Specifically, the Commonwealth asserts, "Appellant raised only the issue of his RRRI eligibility in the PCRA filed on December 7, 2018. . . . The PCRA court does not address the issue in its

- 3 -

1925(a) opinion because it was not raised." *Id*. While it is true that the PCRA court does not mention or address any issue other than the RRRI eligibility, Appellant properly raised his first illegal sentence claim in a timely petition. Our review of the record reveals that Appellant's *pro se* PCRA petition states this in the argument section:

> I am eligible offender for RRRI under current law. **Comm v. Robinson**, 7 A.3d 868 (Pa. Super. 2010). No RRRI is an illegal sentence[.]
>
> 15 counts of 18 Pa.C.S. § 6301(2)(1)(i) should carry the same as one count of 18 Pa.C.S. § 6301(2)(1)(ii) if crime alleged satisfies "course of conduct." **Comm v. Kelly**, 102 A.3d 1025 (Pa. Super. 2014)[.]

Appellant's *Pro Se* PCRA Petition, 12/7/18, at 8 (punctuation added). Thus, it is facially clear that Appellant raised both issues in his PCRA petition.

Had the Commonwealth properly briefed the issues, we would not have to guess if the Commonwealth instead meant that Appellant failed to raise this issue in his 1925(b) statement of matters complained of on appeal, which should result in waiver. On January 11, 2023, the trial court ordered Appellant to file a 1925(b) statement within twenty-one days or else the issues would be waived. Appellant thereafter filed two (counseled) statements pursuant to 1925(b). The first was filed on February 6, 2023, and included only the RRRI eligibility issue. The second was filed on February 10, 2023, and raised both issues Appellant raises in his instant brief. Notably, neither 1925(b) statement was filed within the twenty-one-day limit. The trial court, however, accepted Appellant's February 6, 2023, statement as timely and formulated its 1925(a)

opinion in response to it, ignoring the additional issue raised in Appellant's February 10, 2023, statement. The record reflects that the trial court's order directing Appellant to file a 1925(b) statement did not specify the address where Appellant could mail his statement, as is required by Pa.R.A.P. 1925(b)(3)(iii). It would be inequitable to deem issues waived on appeal due to the untimely filing of a 1925(b) statement where the trial court's order to file the statement does not comport with the requirements of Rule 1925(b). *See Commonwealth v. Jones*, 193 A.3d 957, 961 (Pa. Super. 2018). Additionally, Appellant's previous counsel, Attorney Beardsley, who filed both 1925(b) statements, was subsequently suspended from the practice of law and imprisoned. "This Court has held that both the complete failure to file the 1925(b) statement and the untimely filing of a 1925(b) statement is *per se* ineffectiveness because it is without reasonable basis designed to effectuate the client's interest and waives all issues on appeal." *Commonwealth v. Sanchez-Frometa*, 256 A.3d 440, 442-443 (Pa. Super. 2021) (quotation marks, citations, and corrections omitted). "While these circumstances often require a remand, where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but may address the issues on their merits." *Id*. (quotation marks and citations omitted). For these reasons, although the Commonwealth and trial court both declined to address Appellant's issue, we do not find it waived and will address the merits.

Appellant's first issue is an illegal sentence claim cognizable under the PCRA. *Moore, supra*. It is well settled that a challenge to the legality of a

sentence raises a question of law. **Commonwealth v. Smith**, 956 A.2d 1029, 1033 (Pa. Super. 2008) (en banc). In reviewing this type of claim, our standard of review is de novo and our scope of review is plenary. **Commonwealth v. Childs**, 63 A.3d 323, 325 (Pa. Super. 2013). "An illegal sentence must be vacated[.]" **Commonwealth v. Ramos**, 197 A.3d 766, 769 (Pa. Super. 2018) (citation and quotation marks omitted).

Appellant was convicted of fifteen counts of corruption of minors, a misdemeanor offense. He was sentenced to five months' to twenty-four months incarceration on each count consecutively, for an aggregate term of incarceration of 75 to 360 months, or thirty[2] years' maximum. His issue on appeal is not that he should have been sentenced concurrently rather than consecutively. Instead, he argues that fifteen counts of corruption of minors constitutes a "course of conduct," which should be graded as a felony according to statute, and thus he should have been subject to the penalty for a felony. Had he been sentenced to one felony of the third degree instead of fifteen first-degree misdemeanors, his maximum sentence would have been seven years. Appellant's Br. at 15.

The statute defining the offense of corruption of minors reads, in pertinent part, as follows:

> (a) Offense defined.--
> (1) (i) Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to

---

[2] Appellant argues in his brief that he was given a maximum sentence of 75 years. His maximum is 360 months, which equals 30 years, not 75 years.

corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

(ii) Whoever, being of the age of 18 years and upwards, **by any course of conduct in violation of Chapter 31** (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 **commits a felony of the third degree**.

18 Pa.C.S. § 6301(a) (emphasis added).

A person who has been convicted of a misdemeanor may be sentenced to imprisonment for a definite term which shall be fixed by the court and shall be not more than: (1) Five years in the case of a misdemeanor of the first degree.

18 Pa.C.S. § 1104.

Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows: . . . (3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

18 Pa.C.S. § 1103.

Our research has revealed cases in which appellants convicted of a third-degree felony charge of corruption of minors—by a course of conduct in violation of Chapter 31—argue that a "course of conduct" was not established and that their charge should have been graded as a first-degree misdemeanor. Here, Appellant argues that a course of conduct was in fact established and thus seeks to have his charges graded as a felony rather than as misdemeanors. Accordingly, he argues, if we agree with him that a course of

conduct was established, the fifteen misdemeanors should become a single felony. We disagree.

Even if we found that a course of conduct was established "in violation of Chapter 31," which for the reasons below, however, we do not, it is unreasonable to suggest that any number of corruption of minors misdemeanors must merge into only one felony. Although misdemeanor corruption of minors is a lesser included crime of felony corruption of minors, it includes an additional element. ***Commonwealth v. Baker-Myers***, 255 A.3d 223, 227 n.7 (Pa. 2021). It is more likely that if Appellant was convicted of other Chapter 31 offenses establishing a "course of conduct," he would have been subject to a felony grading on *each* corruption of minors count, resulting in a sentence much greater than the one he received.

We find ***Baker-Myers*** to be instructive. In that case, the defendant was charged with rape, sexual assault, aggravated indecent assault, and indecent assault, all Chapter 31 offenses. ***Id.*** at 225-26. He was also charged with felony corruption of minors. ***Id.*** at 226. A jury convicted him of the corruption of minors charge but acquitted him of the Chapter 31 offenses. ***Id.*** at 227. The defendant argued that because he was acquitted of the Chapter 31 offenses and the felony corruption of minors statute includes the element "by any course of conduct in violation of Chapter 31," his conviction could not stand. ***Id.*** at 227. This Court vacated in part, holding that "course of conduct" is an essential element of felony corruption of minors that the Commonwealth

charged and prosecuted but failed to prove beyond a reasonable doubt. *Id.* at 224. Our Supreme Court agreed, stating,

> Although the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where, as here, the jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction for felony corruption of minors cannot stand.

*Baker-Myers*, 255 A.3d at 235.

A similar argument was made in *Commonwealth v. Panattieri*, Nos. 257 MDA 2022, 258 MDA 2022, 2023 Pa. Super. Unpub. LEXIS 2609, at *23 (Oct. 23, 2023).[3] There, a defendant was charged with multiple counts of indecent assault without consent, indecent assault of a person under thirteen, indecent assault of a person under sixteen, and felony corruption of minors. *Id.* at *1. He was convicted on all counts except for aggravated indecent assault. *Id.* at *5. On appeal, he challenged the grading of the corruption of minors conviction as a felony, asserting that the jury did not make a specific factual finding as to course of conduct to support the enhanced grading. *Id.* at *20, *23. We disagreed and found two key factors distinguished *Baker-Myers*. First, unlike in *Baker-Myers* where the jury acquitted the defendant of all Chapter 31 offenses, the defendant in *Panattieri* was acquitted of one Chapter 31 offense but convicted on the others. *Id.* at *23.

---

[3] We note that, pursuant to Pa.R.A.P. 126(b), unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value.  We find guidance in the unpublished memorandum cited supra and find it to be persuasive in this matter.

Second, "[t]he **Baker-Myers** Court noted that the jury instructions were limited to the offenses charged." **Panattieri**, at *24. In other words, the **Baker-Myers** trial court specifically instructed the jury that in order to convict on felony corruption of minors, it was required to find "any course of conduct in violation of Chapter 31, relating to the other sexual offenses being rape, sexual assault, indecent assault," and yet the jury acquitted defendant of all Chapter 31 violations. In contrast, the **Panattieri** trial court instructed the jury that is must find, *inter alia*, that "the defendant engaged in the course of conduct that constituted the following sexual offenses under the crimes code of Pennsylvania. And here it's alleged to be indecent assault and/or aggravated indecent assault." **Id.** at *25. The jury proceeded to convict defendant of indecent assault, which "was not limited to one discrete incident," so we found that **Baker-Myers** is distinguishable. **Id.** at *27. Thus, we held that a course of conduct was indeed established and the felony corruption of minors conviction was properly graded. **Id.** at *29.

With these principles in mind, we turn to Appellant's convictions and the jury instructions in the instant case. Here, Appellant was found guilty of fifteen misdemeanor counts of corruption of minors, 18 Pa.C.S. § 6301(a)(1)(i), and was acquitted of ten counts each of rape of child, involuntary deviate sexual intercourse, indecent assault, and attempted involuntary deviate sexual intercourse, all Chapter 31 offenses. The Commonwealth withdrew all other charges. Tr. Ct. Order, 6/27/16. To be clear, here, like the appellant in **Baker-**

- 10 -

*Myers* whose felony corruption of minors conviction could not stand, Appellant was acquitted of each Chapter 31 offense that was presented to the jury.

As to the issues of jury instructions, "[w]ith respect to a charge of corruption of minors as a third-degree felony, the trial court must instruct the jury that the Commonwealth must prove that Appellant engaged in a 'course of conduct.'" *Commonwealth v. Smith*, 206 A.3d 551, 564 (Pa. Super. 2019). Here, the trial court's charge to the jury defined corruption of minor as this:

> To find the defendant guilty of this offense, you must find that each of the following three elements has been proven beyond reasonable doubt. First, that the defendant was eighteen years of age or older at the time of the incident giving rise to the charge. Second, that [victim] was under eighteen years of age at that time. And third, that the defendant attempted, or the defendant corrupted or attempted to corrupt the morals of [victim] by the following alleged conduct: he had the child uncover herself and show her, show him her intimate parts, and did have the child look at his intimate parts.

N.T., 6/24/16, at 114. These instructions clearly explain the elements of misdemeanor corruption of minors, and the court thereafter specifically and separately instructed the jury on each of the Chapter 31 offenses. Unlike in *Panattieri* where the felony conviction was proper, the trial court here did not instruct the jury regarding a "course of conduct."

Thus, because Appellant was acquitted of all Chapter 31 offenses, and because the trial court did not instruct the jury as to course of conduct, a critical element which distinguishes the felony version of corruption of minors from the version graded as a first-degree misdemeanor, a sentence for

corruption of minors graded as a third-degree felony cannot stand. We conclude Appellant was properly sentenced on his misdemeanor corruption of minors convictions and disagree that the convictions should have or even could have been merged into a single felony.

Appellant argues his acquittals under Chapter 31 should be considered as an inconsistent verdict. Appellant's Br. at 13. He states, "jury acquittals should not be interpreted as specific factual findings arising from the evidence; rather, an acquittal may merely show lenity on the jury's behalf, or that the verdict may have been the result of compromise, or of a mistake on the part of the jury." Appellant's Br. at 13 (quoting **Baker-Myers**, 255 A.3d at 231). The normal rule is that acquittals do not have dispositive effect, as an acquittal may be due to an act of mercy. **Commonwealth v. Moore**, 103 A.3d 1240, 1246 (Pa. 2014) (noting that "jury acquittals may not be interpreted as specific factual findings with regard to the evidence, as an acquittal does not definitively establish that the jury was not convinced of a defendant's guilt"). However, Appellant fails to acknowledge a relevant exception to this principle: when the fact-finder acquits of an offense where the commission of that offense is an element of a separate crime, then the acquittal must be given special effect. **Commonwealth v. Magliocco**, 883 A.2d 479 (Pa. 2005).

Appellant cites the criminal information at "COUNT 5-CORRUPTION OF MINORS-(MISDEMEANOR 1)" which alleged that he "namely, did have child uncover and touch her intimate parts and did have her touch his intimate parts." Appellant's Br. at 12 (citing Criminal Information at Count 5). Appellant

submits that this language indicates that in order for the jury to have convicted him of this count, that it necessarily found he violated Chapter 31 by a course of conduct. *Id*. We disagree with this argument for three reasons. First, count 5 on its face alleges only misdemeanor corruption of minors. Second, the language does not include "course of conduct" or the element of "Chapter 31 violations." Third, our precedents indicate that the language relevant to this analysis is that which was charged to the jury, not that which was in the indictment or information. ***Smith, supra***; ***Panattieri, supra***. We acknowledged in ***Panattieri*** that ***Baker-Myers*** appeared to leave "open the possibility that the Commonwealth could charge one count of felony corruption of minors, without charging any other Chapter 31 offense." But the Commonwealth in ***Panattieri*** did charge the defendant with Chapter 31 offenses and he was convicted of at least one. Here, the Commonwealth also charged Appellant with Chapter 31 offenses, and he was not convicted of any. We find it appropriate to reiterate:

> Although the Commonwealth is not required to formally charge or secure a conviction for a predicate Chapter 31 offense, where, as here, the jury is specifically instructed on the predicate offense or offenses pertaining to the corruption of minors charge, and the jury then renders an acquittal on all such predicates, a conviction for felony corruption of minors cannot stand.

***Baker-Myers***, 255 A.3d at 235. Accordingly, Appellant's first claim fails.

Appellant's second issue is that he received an illegal sentence when he was denied the benefit of participating in Recidivism Risk Reduction Incentive (RRRI), a program for which he claims he was eligible. Appellant's Br. at 17.

- 13 -

A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. ***Commonwealth v. Tobin***, 2014 PA Super 61, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose a[n] RRRI minimum on an eligible offender." ***Id***. Thus, as "statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is de novo." ***Commonwealth v. Gerald***, 2012 PA Super 127, 47 A.3d 858, 859 (Pa. Super. 2012) (citation omitted).

***Commonwealth v. Finnecy***, 135 A.3d 1028, 1033 (Pa. Super. 2016).

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. In pursuit of these goals, the RRRI Act provides prisoners with "the opportunity ... to be considered for parole at the expiration of their RRRI minimum sentence." ***Commonwealth v. Robinson***, 7 A.3d 868, 872 (Pa. Super. 2010). The RRRI Act provides that "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a). An eligible offender is defined, *inter alia*, as a defendant who does not demonstrate a history of present or past violent behavior. 61 Pa.C.S. § 4503(1). Here, during the sentencing proceedings, the trial court did fulfil its statutory duty in stating its determination on the record that Appellant was not RRRI eligible. N.T., 9/15/16, at 5.

The record reveals that the lower court has given two reasons for denying Appellant relief on his RRRI claim. First, the lower court's order

denying Appellant's *pro se* PCRA petition—which raised the RRRI issue for the first time—dismissed the RRRI eligibility issue as waived because Appellant did not raise the claim on direct appeal. Tr. Ct. Order, 7/11/20. Second, the court's 1925(a) opinion in response to the instant appeal states, "Here, the acts described by the victim during her testimony are 'present or past violent behavior.' Although the jury found Appellant not guilty of these crimes of Rape, Indecent Assault, etc., the acts were described by the victim." Tr. Ct. Op. at 2. Appellant first questions if a burden of proof less than beyond a reasonable doubt is sufficient when determining eligibility for RRRI. He then asserts that even if the court could decide that sentencing factor under a lesser burden of proof, it did not decide here that he exhibited "a history of" present or past violent behavior. Appellant's Br. at 22.

We note that while Appellant failed to raise this claim in his direct appeal, his claim that he was entitled to an RRRI sentence implicates the legality of his sentence. **Commonwealth v. Pardo**, 35 A.3d 1222, 1230 (Pa. Super. 2011), appeal denied, 50 A.3d 125 (Pa. 2012) ("This Court has previously held that when a defendant challenges a trial court's disqualification of his entry into the RRRI program, the issue is one of legality of the sentence and is non-waivable."). **See Commonwealth v. Tobin**, 89 A.3d 663 (Pa. Super. 2014) ("[A] defendant's challenge relative to the failure to apply a RRRI minimum [is] a non-waivable illegal sentencing claim."). Thus, we find the issues is not waived, however, the issue is moot.

The RRRI statute offers, as an incentive for completion of the program, the opportunity for prisoners to be considered for parole at the expiration of their RRRI minimum sentence. 61 Pa.C.S.A. § 4506. The RRRI minimum sentence "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less [and] ... five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S.A. § 4505(c)(2). Here, Appellant was sentenced to 75 to 360 months. N.T., 9/15/16, at 5. Assuming *arguendo* that Appellant was an RRRI eligible offender, because his minimum sentence is greater than three years, his RRRI minimum would have been five-sixths of his minimum, i.e., five-sixths of 75 months, which equals a minimum RRRI sentence of sixty-two and a half months. Appellant's minimum RRRI sentence would have expired in November 2021. Additionally, by December 2022, Appellant had served his minimum sentence of 75 months. Appellant did not participate in the program and now cannot be incentivized to receive early parole.

> The claim of mootness . . . stands on the predicate that a subsequent change in circumstances has eliminated the controversy so that the court lacks the ability to issue a meaningful order, that is, an order that can have any practical effect.

***Burke ex rel. Burke v. Indep. Blue Cross***, 103 A.3d 1267, 1271 (Pa. 2014).

Because Appellant has already served a sentence in excess of the minimum sentence without the RRRI application, a determination of Appellant's RRRI eligibility "wouldn't change one day in the amount of time that he is sitting in prison on these charges" and therefore, the issue is moot.

*See Commonwealth v. Johnson*, 280 A.3d 10, 2022 Pa. Super. Unpub. LEXIS 1036 (Pa. Super. 2022).[4] Accordingly, we affirm.

Order Affirmed. Application for appointment of substitute counsel Denied as Moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/24/2024

---

[4] *See supra* note 3.